**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

UNITED STATES OF AMERICA,

   Plaintiff,

v.                  Case No. 07-20009-BC
                   Honorable Thomas L. Ludington

JOSE GALAVIZ,

   Defendant.

_____/

## **ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS**

On August 13, 2007, the Court held a hearing on Defendant Jose Galaviz's motion to suppress. Defendant seeks to suppress evidence gathered subsequent to a police stop that Defendant alleges violated the Fourth Amendment. Defendant faces an indictment on a single charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Police found a handgun in a vehicle driven by Defendant, after Deputy Kurt Webber of the Saginaw County Sheriff's Department identified the white vehicle driven by Defendant as worth investigating when he responded to a police dispatcher's report of an armed robbery.

At the hearing, the government provided testimony from two officers, Webber and Sergeant Mark Przybylski, also of the Saginaw County Sheriff's Department. Defendant offered a tape recording of the 911 call and the police radio traffic from those events.

Based on the evidence presented, the Court ruled from the bench that Webber had specific and articulable facts, under the totality of the circumstances, to justify stopping Defendant to investigate whether he committed the robbery. *See Terry v. Ohio*, 392 U.S.1, 21-22 (1968); *see also*

*United States v. Cortez*, 449 U.S. 411, 417 (1981) ("An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity.") (citations and footnote omitted); *United States v. Arvizu*, 534 U.S. 266, 273-274 (2002) (requiring an officer to have a particularized and objective basis, not a mere hunch, for such a detention) (citing *Terry*, 392 U.S. at 27). Although the specificity of the description of a vehicle informs on the legitimacy of the stop, *see United States v. Long*, 464 F.3d 569, 574 (6th Cir. 2006), nervous, evasive behavior by a defendant is another pertinent factor in determining whether reasonable suspicion exists to support an investigatory stop. *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000); *see also Sibron v. New York*, 392 U.S. 40, 66 (1968) ("[D]eliberately furtive actions and flight at the approach of strangers or law officers are strong indicia of *mens rea*, and [they could inform on an officer's decision to detain someone, especially] when coupled with specific knowledge on the part of the officer relating the suspect to the evidence of crime . . . .").

Here, for reasons stated more fully on the record, several factors support concluding that Webber had a basis for seeking to determine whether the vehicle he observed contained those who participated in the robbery: (1) the short time (about ten minutes or less) between the occurrence of the armed robbery and Webber's observation of Defendant's vehicle; (2) the close geographic proximity of the location of the robbery and the site where Webber observed Defendant's car; (3) the color of the vehicle that corresponded to that announced by the police dispatcher; and (4) the minimal traffic due to the hour of the night. Those details sufficed to justify Webber's interest in further investigation. Additionally, as stated on the record, Defendant rapidly accelerated his vehicle away from a marked police car that turned to follow him, and he later disregarded the officer's directives to stop. Also, Defendant knocked, kicked, and banged on the door of a residence to which

he sought entry, which showed his apparent lack of authorization to enter the residence. These facts all contribute to concluding that, under the totality of the circumstances, Webber had specific and articulable objective reasons for believing that Defendant was likely engaged in criminal activity.

Accordingly, it is **ORDERED** that Defendant's motion to suppress [dkt #15] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 14, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 14, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS
